# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JEAN GERMAIN,

    Plaintiff,

v.                               Civil No.: JFM-13-382

WEXFORD HEALTH SOURCES, INC., ET AL

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

This case was referred to me in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland (ECF No. 165) to address plaintiff's pending Motion to Appoint Counsel. (ECF No. 160). For the reasons stated herein, plaintiff's motion is denied.

Plaintiff in this case is a current inmate at North Branch Correctional Institute. The underlying facts stem from a cell extraction involving the plaintiff which took place on January 17, 2013.[1] Plaintiff filed this case on February 4, 2013 and filed the instant motion to appoint counsel on March 22, 2017.

A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one.[2] There is no absolute right to appointment of counsel; an indigent claimant must present "exceptional circumstances." See Miller v. Simmons, 814 F.2d 962, 966 (4th Cir.

---

[1] See ECF Nos. 43, 80 for a more detailed review of the factual background.
[2] 28 U.S.C. 1915(e)(1) states that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. 1915(e)(1) (2012).

Germain v. Wexford Health Sources, Inc. et al
Civil No.: JFM-13-382
September 27, 2017
Page 2

1987). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Ct., 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel).

Plaintiff was previously appointed counsel in this case on May 22, 2014. (ECF No. 105). Plaintiff filed a formal complaint against counsel with the Attorney Grievance Commission and counsel filed a motion to withdraw as counsel, which was granted.[3] In addition to this case, plaintiff has represented himself in multiple cases in this court, some of which are still pending.[4] Plaintiff has filed multiple motions articulating his legal position and requesting various forms of relief in most of his cases. Furthermore, plaintiff has filed the same motion to appoint counsel that he filed in this case in some of these other cases, which have all been denied.[5]

After review of the plaintiff's filings, the court finds that "he has demonstrated the wherewithal either to articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so." O'Brien v. Summerfield, 2012 WL 6930318 (D. Md. Feb. 21, 2012) (denying a motion to appoint counsel where exceptional circumstances were not present). Further, the court concludes that the issues raised in this case are not complex. Accordingly, the court does not find that exceptional circumstances exist so as to warrant the appointment of counsel for plaintiff under § 1915(e)(1).

---

[3] See ECF Nos. 121, 123.
[4] In addition to this case, currently pending are: Germain v. Bishop, JFM-17-1289 and Germain v. Bishop, JFM-15-1421. Closed cases include Germain v. Shearin, JFM-13-3892; Germain v. Shearin, JFM-13-2267; Germain v. Watson, JFM-14-1800; Germain v. Oakley, JFM-14-1536.
[5] See Germain v. Bishop, JFM-15-1421 (ECF Nos. 40, 44, 55, 60); Germain v. Shearin, JFM-13-2267 (ECF Nos. 32, 36).

Germain v. Wexford Health Sources, Inc. et al
Civil No.: JFM-13-382
September 27, 2017
Page 3

       For the foregoing reasons, plaintiff's Motion (ECF No. 160) is DENIED.

Date: September 27, 2017         _____/s/_____
                                                    Beth P. Gesner
                                                    United States Magistrate Judge